**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:   (213) 383-7368
E-Mail:      maimons@aol.com


Attorney for Plaintiff
GURPEET KAUR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPEET KAUR,<br><br>                Plaintiff,<br><br>v<br><br>CHOICE HOTELS INTERNATIONAL, INC.; AMERICAN ARBITRATIO.; DOES 1-10 INCLUSIVE,<br><br>                Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[VIOLATION OF FEDERAL CIVIL RIGHTS AND RICO]**<br><br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff GURPEET KAUR ("Plaintiff" or "GK") hereby files the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1964, and 42 U.S.C. Sections 1981 and 1982. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c), and 42 U.S.C. Sections 1981 and 1982. The Court also has jurisdiction pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. State supplemental jurisdiction exists under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff GK is an individual and a resident of the City of Chino in San Bernardino County, CA.

3. Defendant CHOICE HOTELS INTERNATIONAL, INC. ("CH," or collectively with the other named defendants as "Defendants") is Delaware corporation with a principal address at 915 Meeting Street, Suite 600, North Bethesda, MD 20852.

4. Defendant AMERICAN ARBITRATION ASSOCIATION ("AAA," or collectively with the other named defendants as "Defendants") is a public service organization with a principal address at 120 Broadway, 21st Floor, New York, NY 10271.

5.   The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiff are unknown to her at this time. Plaintiff is informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

6.   Plaintiff is the managing member of SINGH & KAUR HOTELS, LLC ("SK"), which at all relevant and material times was the 100% owner and operator of a hotel that is known as the SLEEP INN & SUITES ("Hotel") located at 7393 South venue, Boardman, OH 44512 ("Hotel").

7.   SK is a limited liability company duly formed and organized under the laws of the State of Ohio with a principal address as the address of the Hotel stated in paragraph 6 above.

8.   On December 31, 2021, entered into a franchise agreement ("Agreement") with the Defendant CH.

9.    Pursuant to the Agreement, any controversy or claim arising under or relating to the Agreement, other than CH claims for indemnification o actions seeking seeking to enjoin SK form using CH's intellectual property or CH related words in violation of the Agreement, is restricted to arbitration before AAA, J.A.M.S., o National Arbitration Association, subject to the laws of the State of Maryland, and any arbitration must be conducted at CH's headquarters office in Maryland.

10.    On December 31, 2021, CH required that SK enter into and sign the Agreement, and that GK sign a personal guaranty in favor of CH in order for CH to enter into the Agreement with SK.

11.    On December 31, 2021, CH and GK entered into a personal guaranty ("Guaranty") in favor of CH in order for CH to enter into the Agreement with SK.

12.    Pursuant to the Guaranty, any controversy or claim arising under or relating to the Guaranty, other than CH claims for indemnification o actions seeking seeking to enjoin GK form using CH's intellectual property or CH related words in violation of the Guaranty or Agreement, is restricted to arbitration before AAA, J.A.M.S., or National Arbitration Association, subject to the laws of the State of Maryland, and any arbitration must be conducted at CH's headquarters office in Maryland.

13.    California Business and Professions Code Section 20040.5 states that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state."

14.    The Guaranty as to the venue provisions stated in paragraph 12 above, is void as a matter of law and e inconsistent with California Business and Professions Code Sections 20000 through 20043, and Section 20040.5, the California Franchise Relations Act ("CFRA"), which controls, and specifically California Business and Professions Code Section 20040.5.

4

15. The Guaranty is also void in that it does not provide a notice and opportunity to cure alleged breaches of the Guaanty with written notice of the alleged default with a reasonable opportunity to cure the alleged default which under the CFRA requires at 60 days opportunity to cure.

16. The Agreement is also void in that it does not provide a notice and opportunity to cure alleged breaches of the Guaranty with written notice of the alleged default with a reasonable opportunity to cure the alleged default which under the CFRA requires at 60 days opportunity to cure, and in effect is further inconsistent with the CFRA in that it does not provide a "good cause" mechanism for termination of the Agreement.

17. Within at least the two years from the filing of this Complaint, the Defendant CH has claimed a breach of the Agreement and Guaranty, which SK and GK deny, and under the Agreement and Guaranty CH has required that SK and GK arbitrate the dispute before AAA, subject to the laws of the State of Maryland, and any arbitration must be conducted at CH's headquarters office in Maryland.

18. The Defendants CH and AAA have set an arbitration hearing date regarding the dispute set forth in paragraph 17 above in February 2026, with a designated arbitrator of AAA, said hearing to be conducted at CH's headquarters office in Maryland, subject to the laws of the State of Maryland.

19. Plaintiff GK is of Asian-Indian and Gujarati origin which the Defendants, and each of them, were at all times material herein aware of, as they are also aware that all the members of SK are of Asian-Indian and Gujarati origin, and as a matter of an unwritten custom and practice, the Defendant CH has the greatest percentage of its claimed breaches of an Agreement ad Guaranty such as in this case, and arbitrations with franchisees such as SK and GK who are of Asian-Indian and Gujarati origin, as the Defendant CH believes that such hotel owners and operators are less trustworthy as hotel owners and operators who are caucasian.

20. In the vast majority of arbitrations before AAA and CH and hotel owners and operators who are of Asian-Indian and Gujarati origin, AAA rules according to Marylan law an according to the venue provisions of an Agreement ad Guaranty such as in this case, in favor of CH, regardless of state specific franchise  venue provisions and statutes such as in California, as AAA is referred to as an arbitrator in such disputes by CH.

21. Upon the alleged claim by the Defendant CH that Plaintiff GK was in breach of the Guaranty, the Defendant CH failed to provide the required 60 day minimum notice cure period as required by the CFRA.

22. In taking the actions set forth in paragraphs 6–20 above, the Defendants, and each of them, acted with full knowledge, consent, and agreement among themselves regarding the facts stated herein.

23. Plaintiff GK has been severely damaged in both her economic and non-economic damages.

Based on the foregoing, Plaintiffs= alleges the following claims for relief.

### **FIRST CLAIM OF RELIEF**

**(Violation of 42 U.S.C. Section 1981 by Plaintiff Against
All Defendants)**

24. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-23 above.

25. The actions of the Defendants, and each of them, constitutes violations of 42 U.S.C. Section 1981 which states that "[a]ll persons within the jurisdiction of the United States shall have the right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security and property as is enjoyed by white citizens.

26.   As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiff has been injured in an amount according to proof at trial but not less than $20,000,000.00 against each defendant. Plaintiff is also entitled to her reasonable attorney's fees under 42 U.S.C. Section 1988 and exemplary damages.

## SECOND CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1982 by Plaintiff Against All Defendants)

27.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-26 above.

28.   The actions of the Defendants, and each of them, constitutes violations of 42 U.S.C. Section 1982 which ensures that all U.S. citizens have the same right to inherit, purchase, lease, and hold, and convey property, regardless of race.

29.   As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiff has been injured in an amount according to proof at trial but not less than $20,000,000.00 against each defendant. Plaintiff is also entitled to her reasonable attorney's fees under 42 U.S.C. Section 1988 and exemplary damages.

## THIRD CLAIM OF RELIEF

### (Violation of 18 U.S.C. Section 1964(c) by Plaintiff Against All Defendants)

30.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-29 above.

31.   Said Defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5) and 1964©.

32.   Said Defendants, and each of them, have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

33.   As a proximate result of the foregoing actions of the Defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, Plaintiff GK  has been injured in her business and according to proof at trial but not less than $20,000,000.00 against each defendant. Plaintiff is also entitled to her reasonable attorney's fees and exemplary and treble damages.

## FOURTH CLAIM OF RELIEF

**(Violation of California Business & Professions Code**
**17200, et seq. by Plaintiff Against**
**All Defendants)**

34.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 above.

35. The actions of the Defendants, and each of them, constitutes violations of California Business & Professions Code 17200, et seq. ("UCL") by violating both in the Guaranty and in its application against GK, the provisions of the CFRA.

29. As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiff has been injured in an amount according to proof at trial, but not less than $1,000,000.00 against each defendant, and relief as required under the UCL against each defendant, which includes restitution and a declaration that the Guaranty is, on its face and as applied by the Defendants, and each of them, against GK, in void and in violation of the CFRA; and an injunction of the Guaranty and enforcement of its provisions against GK. Plaintiff is also entitled to her reasonable attorney's fees under the UCL and exemplary damages.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial but believed to be not less than $20,000,000.00;

2. For exemplary damages;

3. For attorney's fees;

**SECOND CLAIM FOR RELIEF**

4. For damages according to proof at trial but believed to be not less than $20,000,000.00;

5. For exemplary damages;

6. For attorney's fees;

## THIRD CLAIM FOR RELIEF

7. For damages according to proof at trial but

believed to be not less than $1,000,000.00;

8. For relief under the UCL, , which includes restitution

and a declaration that the Guaranty is, on its face and as applied by the

Defendants, and each of them, against GK, in void and in violation of

the CFRA; and an injunction of the Guaranty and enforcement of its

provisions against GK.

9. For exemplary damages;

10. For attorney's fees;


## FOR ALL CLAIMS FOR RELIEF

11. For costs of suit;

12. For such other and further relief as the Court deems proper.

Dated: January 9, 2026             LAW OFFICES OF FRANK A. WEISER


By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiff GURPEET KAUR

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

Dated: January 9, 2026                    LAW OFFICES OF FRANK A. WEISER


By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiff GURPEET KAUR

.

11